☐ **ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 1 0 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRAIG COTTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

**RWS**

CIVIL ACTION
FILE NO._____

**1 08-CV-3488**

NOW COMES PLAINTIFF CRAIG COTTON ("Plaintiff") complaining against DEFENDANT GC SERVICES, LP ("Defendant") and averring as follows:

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

(1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA");

(2) Invasion of Privacy by Intrusion upon Seclusion.

## II. JURISDICTION

2.     The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the Georgia State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3.    Plaintiff, Craig Cotton ("Plaintiff"), is a natural person residing in Fulton County, Georgia.

4.    Defendant, GC Services, LP, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.    All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.    Within the last 365 days, Defendant contacted Plaintiff and others by telephone in an attempt to collect an alleged outstanding debt.   During these telephone conversations, Defendant performed the following actions, which amount to violations under various federal and state laws:

    a) Communicating with Plaintiff at his place of employment after being told by Plaintiff that such calls are inconvenient and violate the policy of his employer (§ 1692c(a)(1)(3)); and,

b) Failing to notify Plaintiff in each telephone communication that the communication was from a debt collector (§ 1692e(11)).

9.      As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10.      Defendant intended to cause, by means of the actions detailed in paragraph 8, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11.      Defendant's action, detailed in paragraph 8, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12.      Defendant's actions, detailed in paragraph 8, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13.      To the extent Defendant's actions, detailed in paragraph 8, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14.      Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15.      Plaintiff reincorporates by reference all of the preceding paragraphs.

16.    Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's privacy, i.e., an "unreasonable intrusion" into Plaintiff's private concerns which would be offensive or objectionable to a reasonable person.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;
B.    Actual damages pursuant to 15 USC 1692k and the Common Law of Georgia;
C.    Statutory damages pursuant to 15 U.S.C. § 1692k;
D.    Punitive Damages pursuant the Common Law of Georgia;
E.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Georgia; and,
F.    For such other and further relief as may be just and proper.

This 5th day of November, 2008.

ATTORNEYS FOR PLAINTFF
CRAIG COTTON

Respectfully submitted,

E. Scott Fortas
Georgia Bar No.269980
WEISBERG & MEYERS, LLC
Attorneys For Plaintiff, Craig Cotton